IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 9:05-CR-43-2 |
| | § | |
| JARED LEE SCHANFISH | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned United States Magistrate Judge to receive defendant's guilty plea.

On January 27, 2006, defendant, defendant's counsel, and the government came before the court for guilty plea and allocution on Count I of the Information filed herein, charging a violation of 18 U.S.C. § 4.  After conducting proceedings in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, the undersigned finds:

(1)   Defendant, after consultation with counsel of record, knowingly and voluntarily consents to pleading guilty before a United States magistrate judge, subject to final approval and imposition of sentence by the district judge to whom this case is assigned.

(2)     Defendant is fully competent and capable of entering an informed plea, is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

(3)     Defendant's plea is made pursuant to a plea agreement, a copy of which was produced for inspection and filed in the record.  The plea agreement is of the type specified in FED. R. CRIM. P. 11 (c)(1)(A) or (C), in that the government agrees  (1) to not bring, or move to dismiss, other charges and (2) that particular provisions of the Sentencing Guidelines and sentencing factors apply.

(4)     Defendant was advised that the court would defer its decision as to acceptance or rejection of the plea agreement until there has been an opportunity to consider the presentence report.

(5)     Defendant was advised that if the court chooses not to follow the terms of the plea agreement, the court will give defendant an opportunity to withdraw the plea of guilty.  Defendant was further advised that if defendant were to then choose not to withdraw the plea of guilty, the court may impose a more severe sentence, without being bound by the plea agreement.

# RECOMMENDATION

Defendant's guilty plea should be accepted conditionally. The court should defer its decision as to acceptance or rejection of the plea agreement until it has an opportunity to consider the presentence report. If the court ultimately decides to accept the plea agreement, defendant should be adjudged guilty of the offense to which he has pleaded guilty.[1]

SIGNED this 31st day of January, 2006.

*[signature: Earl S. Hines]*

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636 normally gives parties ten days to object to recommendations submitted by a magistrate judge. However, as this recommendation is agreed, the court need not wait ten days before adopting such recommendation.